CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 7, 2019

LETTER TO COUNSEL

RE: *Alberta G. v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-18-783

Dear Counsel:

On March 17, 2018, Plaintiff Alberta G. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 14, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed her first claim for benefits on June 27, 2013, alleging an onset date of March 1, 2013. Tr. 203-06. Her claim was denied initially on October 16, 2013, Tr. 131-34, and Plaintiff filed a request for reconsideration and an application for Supplemental Security Income. Tr. 135, 207-13. Her claims were consolidated and denied on reconsideration. Tr. 137-40. A hearing was held on June 15, 2016, before an Administrative Law Judge ("ALJ"). Tr. 40-93. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 23-34. The Appeals Council ("AC") issued an opinion, adopting the ALJ's decision in part and modifying it in part. Tr. 1-12. The AC's decision constitutes the final, reviewable decision of the SSA.

The AC found that Plaintiff suffered from the severe impairments of "sickle cell disease, polycythemia, iron-deficiency anemia, discogenic and degenerative disorders of the lumbar spine, affective and anxiety related disorders, headaches, and asthma." Tr. 6, 8. Despite these impairments, the AC determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a range of light exertion (20 CFR 404.1567(a) and 416.967(a)[2]; lift and carry 20 pounds occasionally and 10 pounds frequently; to sit up to 6 hours, stand

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] In addition to the unmatched parentheses in this citation, it appears that the AC misidentified the relevant regulation for light work – the subsection should have been "b" instead of "a."

>up to 6 hours, and walk up to 6 hours throughout a normal workday, but would require the ability to sit for approximately 1 to 2 minutes after approximately 30 minutes of standing or walking and would require the ability to stand or walk for approximately 1 to 2 minutes after approximately 30 minutes of sitting (whether sitting, standing, or walking, you would remain on task); to push and pull as much as you could have lifted and carried; to occasionally climb ramps and stairs; to occasionally stoop, kneel, crouch, and crawl; to never climb ladders, ropes, and scaffolds; to never work around unprotected heights or moving mechanical parts; to occasionally be exposed to dust, odors, fumes, pulmonary irritants, and extreme cold; to never be exposed to extreme heat; to work in an environment involving occasional vibration and moderate noise; and to perform simple, routine tasks and simple work-related decisions (i.e., few if any workplace changes, meaning the same duties are performed at the same station or location from day-to-day).

Tr. 7, 8-9. After considering the testimony of a vocational expert ("VE"), the AC determined that Plaintiff could not perform her past relevant work, but could perform other jobs existing in the national economy. Tr. 7-8, 9. Therefore, the AC concluded that Plaintiff was not disabled. Tr. 8, 9.

Plaintiff makes several arguments on appeal, most of which pertain to the ALJ's analysis adopted by the AC: (1) that the ALJ did not sufficiently consider her migraine headaches; (2) that the AC's RFC assessment was flawed and runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); (3) that the ALJ failed to consider her impairments in combination; and (4) that the ALJ did not assign adequate weight to her subjective complaints. Although some of Plaintiff's arguments lack merit, I agree that the AC's analysis did not comply with *Mascio,* and I therefore grant remand under sentence four.

Beginning with the successful argument, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* At step three of the sequential evaluation, the SSA determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2018). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2018). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The functional

area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The SSA employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(b), (c)(2), 416.920a(b), (c)(2) (2018). The SSA uses a five-point scale to rate a claimant's degree of limitation in the three areas: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4), 416.920a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F)(2)(c) (2018).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

At step three in the instant case, the AC found that Plaintiff had moderate limitations maintaining concentration, persistence, or pace. Tr. 6-7. The AC's analysis stated:

> With regard to the claimant's ability to concentrate, persist or maintain pace, the Appeals Council finds that the claimant has moderate difficulties. Although the psychological consultative examiner indicates that the claimant's major depressive disorder could be expected to cause limitations in her ability to maintain sustained concentration and persistence, she found her cognition and memory to be within normal limits. Additionally, the claimant was able to plan her own wedding.

*Id.* (internal citations omitted).

The AC did not conduct an independent analysis of the facts underlying its opinion, but relied on the ALJ's RFC analysis, which contains a somewhat minimal discussion of Plaintiff's mental health impairment. Tr. 31-32. The ALJ found that, "The claimant's activities of daily living are inconsistent with the level of alleged pain, headaches, and difficulty concentrating."

Tr. 31. The ALJ noted that the claimant had "unilaterally discontinued taking her medications, but has remained largely unchanged" in terms of psychiatric symptoms. Tr. 31. As to the medical opinion evidence, the ALJ noted that Dr. Taylor-Ennis found "a limitation in the claimant's ability to sustain concentration and persistence" and accorded that opinion "some weight to the extent that it is consistent with the residual functional capacity." Tr. 32. However, the ALJ's RFC assessment did not mention Plaintiff's ability to sustain concentration and persistence, and the ALJ did not provide specific analysis regarding her evaluation of that portion of Dr. Taylor-Ennis's opinion. Without an explanation, I am unable to understand the nature of the moderate limitation found by both the ALJ and the AC, and unable to determine whether the RFC assessment had to incorporate specific conditions to accommodate the limitation. The ALJ claimed the "limitation to simple, routine tasks is also consistent with . . . a limitation in the claimant's ability to sustain concentration and persistence." Tr. 32. However, the restriction to "simple, routine tasks," Tr. 29, is directly analogous to the language deemed insufficient in *Mascio,* and addresses only Plaintiff's inability to perform complex tasks, not the ability to sustain work over a full eight-hour workday. Without any analysis provided by the ALJ or the AC, I am unable to ascertain whether the RFC assessment would permit a person with Plaintiff's limitations to sustain a competitive pace, with only normal breaks. In light of these inadequacies, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. In remanding for additional explanation, I express no opinion as to whether the ALJ and AC's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Plaintiff's remaining arguments are less persuasive. The ALJ evaluated the medical evidence pertaining to Plaintiff's headaches, and did not find that the record substantiated disabling symptoms. Tr. 30-31. Similarly, the ALJ evaluated the medical evidence and symptoms associated with each of Plaintiff's impairments, including her sickle cell pain. *Id.* There is no evidence that the ALJ somehow neglected to consider the impairments in combination, or that the combination of the impairments would result in greater functional limitations than the totality of all of the individual impairments. Finally, the ALJ appropriately evaluated Plaintiff's subjective complaints, citing to specific evidence from Plaintiff's testimony and from evidence of her daily activities to undermine her allegations of disabling pain. *Id.* However, because the case is being remanded on other grounds, the ALJ will be able to consider whether her analysis on any of the above points requires additional explanation.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, ECF 14, is DENIED, and Defendant's Motion for Summary Judgment, ECF 17, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

  Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

            Sincerely yours,

             /s/

            Stephanie A. Gallagher
            United States Magistrate Judge